## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**KATHY SPILKER**                                                                                       **PLAINTIFF**

**v.**                                             **Case No. 5:12-cv-00438 KGB**

**GEICO GENERAL INSURANCE COMPANY**                                        **DEFENDANT**

### ORDER

Plaintiff Kathy Spilker brought this action against Geico General Insurance Company ("Geico") alleging that, as a result of a vehicle collision on or about May 16, 2012, she suffered severe bodily injury, accrued medical expenses, and endured pain and suffering and mental anguish amounting to $100,000 for which Geico was liable under her Geico uninsured motorist policy (Dkt. No. 2).  Ms. Spilker and Geico prepared this case for trial by exchanging initial disclosures, conducting discovery, and taking depositions.  While doing so, they also negotiated towards a settlement, and, on February 4, 2014, they submitted a joint stipulation of the parties (Dkt. No. 40).  Based on the parties' joint stipulation, the Court entered a confessed judgment in favor of Ms. Spilker and against Geico in the amount of $35,000 for recoverable damages under Ms. Spilker's Geico insurance policy (Dkt. No. 42).  The confessed judgment expressly left open the issues of attorney's fees and a statutory penalty.

Before the Court is Ms. Spilker's motion for attorney's fees and statutory penalty, which she requests pursuant to Ark. Code Ann. § 23-79-208 (Dkt. No. 43).  Geico filed a response in opposition to Ms. Spilker's motion (Dkt. No. 49), to which Ms. Spilker replied (Dkt. No. 51). For the reasons that follow, the Court denies Ms. Spilker's motion for attorney's fees and statutory penalty under Ark. Code Ann. § 23-79-208.

I.      **Legal Standard**

While questions of fact in this case are no longer before the Court due to the confessed judgment, "the award of the statutory penalty and attorney's fees is [to be] determined by the trial court." *McKee v. Fed. Kemper Life Assurance Co.*, 726 F. Supp. 245, 248 (E.D. Ark. 1989). Arkansas law provides that, when an insurance company fails to pay losses due within the time specified in the policy after demand is made, the aggrieved party is entitled to the amount of the loss as well as a 12% penalty and reasonable attorney's fees for the prosecution and collection of the loss. Ark. Code Ann. § 23-79-208(a)(1). The recovery must be within 20% of the amount demanded in order to collect the 12% penalty and the attorney's fees. Ark. Code Ann. § 23-79-208(d)(1). The Arkansas Supreme Court defines the language "amount demanded" as "the amount sued for." *Nat'l Standard Ins. Co. v. Westbrooks*, 962 S.W.2d 355, 357 (Ark. 1998) (quoting *Mut. Relief Ass'n v. Poindexter*, 10 S.W.2d 17 (1928)). The Arkansas Supreme Court further states that "no demand other than the filing of suit is required under section 23-79-208 . . . . Moreover, a new and lesser demand may be made by amendment after suit is filed, and the [insurer's] liability for the statutory penalty will be determined by whether it elects to contest the claim rather than offering to pay the reduced amount or asking for time in which to pay." *R.J. "Bob" Jones Excavating Contractor, Inc. v. Firemen's Ins. Co. of Newark*, 920 S.W.2d 483, 486-87 (Ark. 1996) (citations omitted).

The statute is penal in nature and is designed to punish the unwarranted delaying tactics of insurance companies while controlling for plaintiffs who demand an excessive amount. *Westbrooks*, 962 S.W.2d at 357. The penalty is not intended to punish an insurance company for contesting an inaccurate claim, as insurance companies have the "right to resist the payment of a demand that they do not owe." *Id.* (quoting *Pac. Mut. Life Ins. Co. v. Carter*, 123 S.W. 384

2

(Ark. 1909)). Accordingly, if a plaintiff demands substantially more in her complaint than she is entitled to receive, denial of relief pursuant to § 23-79-208 is "consistent with both the clear language of that statute and the policy that the statute was designed to serve." *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 358 F.3d 1086, 1089 (8th Cir. 2004).

## II. Analysis

### A. Amendment Of The Amount Demanded

This Court first must consider whether, during the course of litigation, Ms. Spilker amended the amount she demanded from the $100,000 figure she requested in her complaint (Dkt. No. 2) to the $35,000 figure she requested in a letter she sent to Geico on January 17, 2014 (Dkt. No. 44-8). Ms. Spilker asserts that she did amend her demand and that the $35,000 she recovered by the confessed judgment is the same as, and within 20% of, the amount demanded (Dkt. No. 44, at 3-5).

In Ms. Spilker's January 17, 2014, letter to Geico, she stated that she would "reduce her demand for damages under the policy" to $35,000 (Dkt. No. 44-8). In the parties' joint stipulation by which "they agree[d] to be bound," they stated that "by an amendment outside of the pleadings, Ms. Spilker reduced her demand for recoverable damages under the Geico policy to $35,000" (Dkt. No. 40, at 1). Seemingly conceding that Ms. Spilker amended her complaint, Geico states in response to Ms. Spilker's motion that Ms. "Spilker amended her demand to the newer and lesser sum of $35,000" (Dkt. No. 49, at 3, ¶ 6). Because there is evidence that supports Ms. Spilker's claim that she amended her demand and because she gave Geico a "clear opportunity to pay the amount demanded" in the January 17, 2014, letter and dispose of the suit, the Court determines that a formal amendment under Federal Rule of Civil Procedure 15 was unnecessary for Ms. Spilker to amend the amount demanded for purposes of the statute. *See*

*State Farm Auto Ins. Co. v. Stamps*, 363 S.W.3d 1, 5 (Ark. 2009) (noting that § 23-79-208 does not require an amended demand to be in a pleading recognized by the Arkansas Rules of Civil Procedure and finding that "[t]he amended demand was easily evidenced because it was in the form of a document filed with the court, and it clearly stated a reduced amount being demanded"); *S. Pine Helicopters, Inc.* 358 F.3d at 1088-89 (declining to award the statutory penalty and attorney's fees where the amount demanded in the plaintiff's complaint was more than 20% above the amount recovered because plaintiff could have amended his complaint under Rule 15, which "would have given the insurer a clear opportunity to pay the amount demanded in the amended complaint and dispose of the suit," but chose not to for strategic reasons).  For these reasons, the Court determines that, during the course of litigation, Ms. Spilker amended her demand to $35,000.

### B.   Confession To The Reduced Demand

This Court next must consider whether the penalty and attorney's fees attach where Ms. Spilker amended her demand under the policy to $35,000 and Geico promptly confessed judgment to that amount.  Ms. Spilker argues that she is entitled to the 12% penalty and attorney's fees because she was required to file suit to obtain the $35,000 confessed judgment. In support of this argument, she points to several Arkansas cases stating that "attorney's fees and penalty attach if the insured is required to file suit, even though judgment is confessed before trial."  *See, e.g.*, *Silvey Cos. v. Riley*, 888 S.W.2d 636, 638 (Ark. 1994) (citation omitted). However, the cases cited by Ms. Spilker merely suggest that attorney's fees and penalty attach at the time plaintiff is required to file suit only if the insurer ultimately confesses judgment to an amount within 20% of the original amount demanded.  *See Stamps*, 363 S.W.3d at 6 (affirming circuit court's award of penalty and attorney's fees to insured where insurer chose not to pay

amended demand and insured recovered an amount within 20% of the amended demand); *Farm Bureau Ins. Co. of Ark., Inc. v. Running M Farms*, 237 S.W.3d 32, 43 (Ark. 2006) (finding that insureds were entitled to attorney's fees and penalty after making a pre-trial settlement offer of $50,000 before recovering confessed judgment of $76,500); *Nationwide Mut. Ins. Co. v. Cumbie*, 215 S.W.3d 694, 695, 696 (Ark. 2005) (affirming trial court's award of attorney's fees and penalty where insurer agreed to pay the amount insured sought in her complaint); *Farm Bureau Mut. Ins. Co. of Ark., Inc. v. David*, 921 S.W.2d 930, 934 (Ark. 1996) (finding that cases where insurer avoided the penalty and attorney's fees by promptly confessing judgment to amended demand "are simply not applicable to the present case, where no reduction in the amount demanded is made, because the basis upon which the insurance company presumably contested payment in those cases—a dispute relating to the amount of the loss—does not exist in the present case"); *Westbrooks*, 962 S.W.2d 355, 358 (reversing trial court's award of attorney's fees and penalty because insured recovered amount outside 20% of amount sought in complaint, which he never amended); *Miller's Mut. Ins. Co. of Ill. v. Keith Smith Co., Inc.*, 680 S.W.2d 102, 126-27 (Ark. 1984) (affirming circuit court's award of attorney's fees and penalty where insurer eventually paid more than the amount demanded in the complaint). In other words, this line of cases suggests that an insurer cannot avoid paying attorney's fees and penalty by confessing judgment to an amount within 20% of the original amount demanded, even if the insurer does so before trial, because the insurer's delay in paying such an amount becomes unreasonable when suit is filed.

Ms. Spilker argues that these cases must apply here because Geico unreasonably delayed by not offering to settle this dispute for $35,000 "within the time specified in the policy, within a reasonable time after claim was made, or prior to suit being filed" (Dkt. No. 44, at 6). The Court

disagrees. An insurance company's delay is not unreasonable where it refuses to pay an excessive amount demanded. *See Westbrooks*, 962 S.W.2d at 357. Considering that Ms. Spilker filed a lawsuit for $100,000 that ended in a confessed judgment for $35,000, and that there is no evidence that Ms. Spilker demanded an amount within 20% of $35,000 before sending her January 17, 2014, letter, the Court concludes that Geico reasonably delayed paying an excessive amount. The cases cited by Ms. Spilker in support of her argument also state that"[w]hen the plaintiff demands an excessive amount, [s]he is in the wrong" and that "[t]he companies have the right to resist the payment of a demand that they do not owe." *See State Farm Auto Ins. Co. v. Stamps*, 292 S.W.3d at 836 (quoting *Westbrooks*, 962 S.W.2d at 357). In such situations, the insurer's delay in paying the excessive amount demanded is deemed reasonable, and the question to determine whether the penalty and attorney's fees attach becomes whether the insurer unreasonably delayed in paying the amended amount demanded.

Case law instructs that when an insured makes a newer and lesser demand after suit is filed, the insurer's liability under § 23-79-208 will be "determined by whether it elects to contest the claim rather than offering to pay the reduced amount or asking for time in which to pay." *Stamps*, 363 S.W.3d at 6 (citing to *R.J. "Bob" Jones Excavating Contractor, Inc.*, 920 S.W.2d 483). Accordingly, "where the plaintiff, after filing suit for one sum, amends [her] complaint so as to demand a lesser sum, and the insurance company admits liability for such lesser amount, the statute is not applicable." *Tollett v. Phoenix Assurance Co. of N.Y.*, 147 F. Supp. 597, 604 (W.D. Ark. 1956) (citing *De Soto Life Ins. Co. v. Jeffett*, 196 S.W.2d 243 (Ark. 1946); *Trinity Universal Ins. Co. v. Smithwick*, 222 F.2d 16 (8th Cir. 1955)); *see R.J. Bob Jones Excavating Contractor, Inc.*, 920 S.W.2d at 486-87; *Armco Steel Corp. v. Ford Constr. Co.*, 372 S.W.2d 630; *Life & Cas. Co. v. Sanders*, 292 S.W. 657, 658-59 (1927); *Queen of Ark. Ins. Co. v.*

*Millham*, 145 S.W. 540, 540 (1912).  Although Ms. Spilker cites to *Silvey* as a bright-line rule that allows recovery of the penalty and attorney's fees whenever a lawsuit is filed (Dkt. No. 44, at 5), *Stamps* and the cases cited herein recognize an exception that is applicable.

As determined based on the facts of this case, on January 17, 2014, Ms. Spilker's letter reduced her amount demanded to $35,000 plus penalty and attorney's fees (Dkt. No. 44-8).  Ms. Spilker sent this letter after rejecting Geico's previous offer of $35,000, with Ms. Spilker countering in her letter that her $35,000 demand was conditioned that, "[i]f accepted, this proposal would remain subject to statutory penalties, attorney's fees, and prejudgment interest, either by submission to the Court or further settlement negotiation" (*Id.*).  On February 4, 2014, the parties submitted their joint stipulation in which Geico confessed judgment for $35,000 without penalty and attorney's fees (Dkt. No. 40, at 2, ¶ 3-4).  The joint stipulation specifically stated that "Geico has not contested, and does not contest, Ms. Spilker's amended claim for recoverable damages under her policy in the sum of $35,000.00" (*Id.* ¶ 3).  Under the law cited above and the facts presented in the record before this Court, Geico did not contest Ms. Spilker's reduced demand of $35,000 and therefore is not liable for the 12% penalty or attorney's fees under § 23-79-208.

Moreover, that Geico denied all liability until Ms. Spilker made her $35,000 demand does not make Geico's delay unreasonable.  Had Geico's tactics been coupled with a judgment within 20% of the amount demanded, then the statute would support an award of the penalty and attorney's fees.  *See David*, 921 S.W.2d at 934.  Here, though, there is no evidence that Ms. Spilker demanded an amount within 20% of $35,000 before her January 17, 2014, letter, and the case law does not place limitations on how an insurance company may defend itself from insureds' demands of excessive amounts until a non-excessive demand is made.

7

\* \* \*

For the foregoing reasons, the Court denies Spilker's motion for attorney's fees and statutory penalty under Ark. Code Ann. § 23-79-208 (Dkt. No. 43).

SO ORDERED this the 9th day of July, 2014.

_____
Kristine G. Baker
United States District Judge